UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY KNAPP, | No.  13-cv-01153 TLN-DAD |
| Plaintiff, | |
| v. | **ORDER** |
| DEPUY SYNTHES SALES INC., | |
| Defendant. | |

This matter is before the Court on Defendant, Depuy Synthes Sales Inc.'s ("Defendant") motion to dismiss for lack of jurisdiction under the Declaratory Judgment Act.  (See Def.'s Mot. to Dismiss, ECF 7.)  Plaintiff, Gregory Knapp ("Plaintiff") opposes the motion.  (See Pl.'s Opp'n to Def.'s Mot to Dismiss, ECF 14.)  For the reasons set forth below, Defendant's motion is GRANTED.[1]

///
///
///
///
///

---

[1]     Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1

**BACKGROUND**

Plaintiff filed this preemptive action under the Declaratory Judgment Act on June 07, 2013. (Pl.'s Compl., ECF 1.) Plaintiff seeks a declaration from the court that the non-competition and non-solicitation agreement he signed with Defendant, his previous employer, is unenforceable. (Id. at 13:26-28.)

Defendant employed Plaintiff as a medical sales consultant beginning in 1989. (Id. ¶ 37.) Plaintiff resigned on June 07, 2013, the same day he filed the instant action. (Id. ¶ 56.) Plaintiff's sales territory consisted of Kaiser in Folsom in Sacramento County and Placer County, Mercy Folsom in Sacramento County, Mercy General in Sacramento County, Sutter Auburn Faith in Placer County, Sutter Roseville Medical Center in Placer County, and Sutter Surgical Hospital in Sutter County. (Id. ¶ 39.)

Prior to resigning, "in consideration of significant beneficial changes in the terms and conditions of [his] employment with" Defendant, Plaintiff signed an agreement that, prior to eighteen months after the termination of his employment with Defendant, he would not solicit any of Defendant's customers within his assigned territory. (Id. ¶57; see also Def.'s Request for Judicial Notice, ECF 9, Ex. A.) Specifically, the agreement provided that Plaintiff would not "solicit[], contact[], call[] on, transact[], or engage[] in any business activity, either directly or indirectly, with any [c]ustomer with whom he had any dealings on behalf of [Defendant] at any time during the one (1) year period immediately preeceding the termination of his employment." (Id. ¶ 26c; RJN, Ex. A.)   The agreement also contained a choice of law and forum selection clause, which provides that the "agreement will be governed by Pennsylvania law applicable to contracts entered into and performed in Pennsylvania" and "can be enforced by any federal or state court of competent jurisdiction in the Commonwealth of Pennsylvania . . . ." (RJN, Ex A.)

Immediately after his resignation from Defendant, Plaintiff accepted employment with K2M, Defendant's direct competitor. (ECF1 ¶¶ 72, 75.) Plaintiff asserts that he "has been forced to bring this action because of Defendant's prior attempts . . . to enforce the same or similar restrictive covenants in the Agreement against other former California employees, . . ." (Id. ¶ 78.)

2

Plaintiff asserts one claim for Declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 and  Federal Rule of Civil Procedure 57, and one claim for unfair business practices under California Business and Professions Code §§ 16600 & 17200 *et seq.*  (Id. ¶¶ 88–104.)  Plaintiff seeks a judicial declaration that the claim is unenforceable and for a determination by the Court that the use and threatened enforcement of the restrictive covenant violates California Business and Professions Code §§ 16600 & 17200 *et seq.*

Five days after Plaintiff filed his complaint, Defendant "filed its own complaint in the Eastern District of Pennsylvania" ("Pennsylvania action").  (compare Pl.'s Compl., ECF 1 with RJN, Ex. A.)  In the Pennsylvania action, Defendant seeks relief against Knapp not only for his breach of the non-solicitation agreement, but also for misappropriation of Defendant's trade secrets and breach of fiduciary duty.  (RJN, Ex. A.)   Thus, Defendant maintains that the Pennsylvania litigation will resolve not only the present dispute, but also the additional claims Defendant asserts against Plaintiff.

**STANDARD**

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  See Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . .  is and the grounds upon which it rests."  Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads

1   factual content that allows the court to draw the reasonable inference that the defendant is liable

2   for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. 544, 556 (2007)).

3          Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

4   factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir.

5   1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an

6   unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A

7   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

8   elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678

9   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

10  statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove

11  facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

12  been alleged[.]" Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

13  459 U.S. 519, 526 (1983).

14         Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

15  facts to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 697 (quoting

16  Twombly, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . .

17  across the line from conceivable to plausible[,]" is the complaint properly dismissed. Id. at 680.

18  While the plausibility requirement is not akin to a probability requirement, it demands more than

19  "a sheer possibility that a defendant has acted unlawfully." Id. at 678. This plausibility inquiry is

20  "a context-specific task that requires the reviewing court to draw on its judicial experience and

21  common sense." Id. at 679.

22         In ruling upon a motion to dismiss, the court may consider only the complaint, any

23  exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of

24  Evidence 201. See Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988); Isuzu

25  Motors Ltd. v. Consumers Union of United States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal.

26  1998).

27  ///

28  ///

4

1    If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

2  amend even if no request to amend the pleading was made, unless it determines that the pleading

3  could not possibly be cured by the allegation of other facts.'"  Lopez v. Smith, 203 F.3d 1122,

4  1130 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d 484, 497 (9th Cir. 1995));

5  see also Gardner v. Marino, 563 F.3d 981 (9th Cir. 2009) (finding no abuse of discretion in

6  denying leave to amend when amendment would be futile).  Although a district court should

7  freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

8  deny such leave is 'particularly broad' where the plaintiff has previously amended its

9  complaint[.]"  Ecological Rights Found. v. Pac. Gas & Elec. Co., 713 F.3d 502, 520 (9th Cir.

10  2013)  (quoting Miller v. Yokohama Tire Corp., 358 F.3d 616, 622 (9th Cir. 2004)).

11                                            **ANALYSIS**

12    Defendant asserts that the court should "decline jurisdiction under the Declaratory

13  Judgment Act in favor of the Pennsylvania [l]itigation to avoid needless decisions of

14  Pennsylvania state law, . . ."  (ECF 8 at 4:4-6.)  Defendant maintains that declining jurisdiction

15  would properly prevent Plaintiff from "preemptive and anticipatory forum shopping depriving

16  Depuy Synthes, the natural plaintiff, of its choice of forum, and [would] promote judicial

17  economy by allowing the more-comprehensive Pennsylvania [l]itigation to proceed, which will

18  resolve all disputes at issue in this case."  (Id. at 4:6-9.)

19    Plaintiff concedes that the court has discretion to decline jurisdiction, but argues that the

20  court should exercise jurisdiction in the instant case because Plaintiff filed his complaint prior to

21  Defendant filing its complaint in the Pennsylvania litigation.  (Pl.'s Opp'n to Def.'s Mot. to

22  Dismiss, ECF 14 at 3:20-21.)  Plaintiff attempts to buttress this argument by asserting that "[b]oth

23  actions arise from the same set of facts and involve the same issues, primarily the legality and/or

24  enforceability of the Non-Compete Agreement . . . ."  (Id. at 4: 8-11.)[2]  Plaintiff also argues that

25  _____

26  [2]    Plaintiff also argues that the forum selection clause in this case should not enter the
court's calculus because it was permissive.  Whether or not the clause is mandatory or permissive,
27  however, is irrelevant to the Brillhart analysis.  The court may consider the clause, in the totality
of the circumstances, when considering the factors established by the United States Supreme
28  Court in Brillhart, as laid out herein.

1   he did not engage in forum shopping because he currently works in California and signed the

2   agreement in California.  (Id. at 4:8-10.)  In the alternative, if the court declines at this time to

3   hear the Declaratory Judgment Action, Plaintiff requests that the case should be stayed and not

4   dismissed; or, at a minimum, stayed pending a ruling by the court in the Pennsylvania litigation

5   on Plaintiff's motion to dismiss, transfer or stay.  (Id. at 12:20-22.)

6          In reply, Defendant argues that: (1) it is irrelevant that Plaintiff filed his complaint shortly

7   before Defendant because Plaintiff clearly engaged in forum shopping by filing suit on the same

8   day he submitted his resignation; (2) declining jurisdiction is appropriate here where it would

9   avoid duplicative litigation; and (3) dismissal, as opposed to a stay, is appropriate here because

10  the Pennsylvania litigation would resolve all disputes between the parties.  (Def.'s Reply to Pl.'s

11  Opp'n, ECF 18 at 1:5-16.)

12         The Declaratory Judgment Act provides, in relevant part:

13              In a case of actual controversy within its jurisdiction, [subject to
                exceptions not applicable here] . . . any court of the United States,
14              upon the filing of an appropriate pleading, may declare the rights
                and other legal relations of any interested party seeking such
15              declaration, whether or not further relief is or could be sought. Any
                such declaration shall have the force and effect of a final judgment
16              or decree and shall be reviewable as such.

17

18  28 U.S.C. § 2201(a).  "The Ninth Circuit has recognized that the Declaratory Judgment Act 'was

19  enacted to afford an added remedy to one who is uncertain of his rights and who desires an early

20  adjudication without having to wait until he is sued by his adversary.'"  Plum Creek Timber Co.

21  Inc. v. Trout Unlimited,  255 F. Supp. 2d 1159, 1164 (D. Idaho 2003) (quoting Levin Metals

22  Corp. v. Parr-Richmond Terminal Co., 799 F.2d 1312, 1315 (9th Cir. 1986).)

23         A lawsuit seeking federal declaratory relief must first present an actual case or

24  controversy within the meaning of Article III, section 2 of the United States Constitution and

25  must fulfill statutory jurisdictional prerequisites.  Government Employees Ins. Co. v. Dizol,  133

26  F.3d 1220, 1222-1223 (9th Cir. 1998) (citations omitted).   The Declaratory Judgment Act does

27  not itself confer federal subject matter jurisdiction, but rather there must be an independent basis

28  for such jurisdiction.  Staacke v. United States Secretary of Labor, 841 F.2d 278, 280 (9th Cir.

1    1988).  Here, subject matter jurisdiction is properly predicated on diversity of citizenship.  See 28

2    U.S.C. § 1332.

3           Even when subject matter jurisdiction exists, however, when faced with an action for

4    declaratory relief, the district court must also, in the exercise of its discretion, be satisfied that

5    entertaining the action is appropriate.  Dizol, 133 F.3d at 1223.  In Brillhart v. Excess Ins. Co. of

6    America, 316 U.S. 491 (1942), the United States Supreme Court articulated factors to guide

7    district courts in the exercise of their discretion under the Declaratory Judgment Act.  The Ninth

8    Circuit summarized the Brillhart factors as follows:

9            The Brillhart factors remain the philosophic touchstone for the
             district court.   The district court should avoid needless
10           determination of state law issues; it should discourage litigants
             from filing declaratory relief actions as a means of forum shopping;
11           and it should avoid duplicative litigation.  If there are parallel state
             proceedings involving the same issues and parties pending at the
12           time the federal declaratory action is filed, there is a presumption
             that the entire suit should be heard in state court.  The pendency of
13           a state court action does not, of itself, require a district court to
             refuse federal declaratory relief.    Nonetheless, federal courts
14           should generally decline to entertain reactive declaratory actions.

15

16           Dizol, 133 F.3d at 1225 (internal quotations and citations omitted); see also R.R. St. &

17   Co. v. Transp. Ins. Co., 656 F.3d 966, 975 (9th Cir. 2011) ("In Brillhart, the Court articulated

18   three factors that courts should consider when examining the propriety of entertaining a

19   declaratory judgment action: avoiding needless determination of state law issues; discouraging

20   forum shopping; and avoiding duplicative litigation.") (internal quotations omitted).

21           This rule has been consistently extended to apply equally to parallel federal court

22   proceedings. See e.g., Schmitt v. JD Edwards World Solutions Co., 2001 WL 590039 (N.D. Cal.

23   May 18, 2001) (declining jurisdiction under Declaratory Judgment Act in favor of subsequent

24   breach of contract action filed by employer in federal court); Qualcomm, Inc. v. GTE Wireless,

25   Inc., 29 F. Supp. 2d 1177, 1179 (S.D. Cal. 1999) (declining jurisdiction in favor of pending

26   federal court action "[f]or the same reasons that federal courts regularly abstain from hearing

27   declaratory relief cases when parallel state cases are pending"); Gribin v. Hammer Galleries, Div.

28   of Hammer Holdings, Inc., 793 F. Supp. 233, 234 n.1 (C.D. Cal. 1992) (dismissing first-filed

                                                      7

1    Declaratory Judgment Action in favor of subsequently-filed federal court action, and noting that

2    "[t]he same rule [of Brillhart] applies where the parallel action is pending in another federal

3    district.").

4         This case presents the precise situation the Brillhart court contemplated in establishing the

5    factors a federal district court should consider when determining whether to exercise its discretion

6    to decline jurisdiction under the Declaratory Judgment Act.  Harrison v. Synthes USA Sales,

7    LLC, 2013 WL 1007662 (E.D. Cal Mar. 13, 2013),[3] a case with uncannily similar facts, is highly

8    instructive.  In Harrison, a former employee of Synthes, the same Defendant in this case, filed suit

9    in the Eastern District of California under the Declaratory Judgment Act seeking a declaration

10   that an almost identical non-competition and customer non-solicitation agreement constituted an

11   unlawful restraint on trade under California Law.  Id. at *1.  The agreement in Harrison also

12   contained a similar "forum-selection clause evincing the parties' agreed to litigate disputes

13   concerning the . . . [a]greement 'in the commonwealth of Pennsylvania."  Id. at *3.  (internal

14   quotations omitted).  Finally, as is in the instant case, Plaintiff in Harrison "filed [the] federal

15   lawsuit the day he resigned his employment with Synthes for fear that Synthes would haul him

16   into court in Pennsylvania to enforce restrictive covenants against him which plainly violate

17   California law."  Id. at *3.

18        The court, applying the Brillhart factors, found that, "[r]eview of the operative complaints

19   in the respective federal and state law-suits reveals that retaining jurisdiction would require

20   decision on purely state law issues that are essentially the same as those pending in the

21   Pennsylvania lawsuit."  Id. at *2.   The court also found that "dismissal [was] warranted because

22   the Pennsylvania proceedings may afford more complete relief . . . ."  Id. at *4.  Finally, the court

23   found that Plaintiff's statement that he feared Defendant would hale him into court to enforce the

24   restrictive covenant plainly "smack[ed] of forum shopping in light of the forum selection clause"

25   _____

26   [3]    Plaintiff's only attempt at distinguishing Harrison is by noting that "the permissive or
     mandatory nature of the forum clause was not at issue" and the court did not provide an analysis
27   in its opinion of the permissive/mandatory nature of the clause.  As explained in footnote 2,
     above, the permissive or mandatory nature of the forum selection clause is irrelevant to the
     Brillhart analysis.  Plaintiff makes no attempt to distinguish the facts of this case from those in
28   Harrison.  This omission serves to underscore the similarity of the facts in the two cases.

1    in the agreement.  Id. at *3.

2            Similarly, in the instant case, "retaining jurisdiction would require decision on a purely

3    state law issue."  Id. at *2.  That is, whether or not the non-compete provision in the agreement is

4    enforceable.

5             The court also finds that declining jurisdiction would save judicial resources by avoiding

6    duplicative litigation.  See R.R. St. & Co., 656 F.3d at 975 (stating that courts should consider

7    whether "entertaining a declaratory judgment action would create duplicative litigation.")

8    Specifically, whether or not the agreement is enforceable is also an issue that must be resolved in

9    the Pennsylvania litigation.  Moreover, the Pennsylvania litigation would more efficiently resolve

10   all the issues presented by the present conflict because it necessarily must adjudicate Defendant's

11   claims for misappropriation of trade secrets and breach of fiduciary duty.

12           Finally, as in Harrison, the court finds that Plaintiff's filing the action the same day he

13   resigned in a more favorable forum "smacks of forum shopping in light of the forum selection

14   clause" in the agreement.  Id. at *3.  Based on the foregoing, the court concludes that Defendant

15   has demonstrated that all three of the Brillhart factors support declining jurisdiction under the

16   Declaratory Judgment Act.

17           The court acknowledges Plaintiff's reasonable arguments that abstention is not

18   appropriate in this case because Plaintiff filed his complaint first and, unlike in Brillhart, the

19   Pennsylvania action was not filed in state court.  First, the court notes that the "first-to-file rule" is

20   not an absolute bar under Brillhart abstention.  Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d

21   93 (9th Cir. 1982). ("However, this 'first to file' rule is not a rigid or inflexible rule to be

22   mechanically applied, but rather is to be applied with a view to the dictates of sound judicial

23   administration."); Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d  622, 625 (9th Cir. 1991)

24   ("The circumstances under which an exception to the first-to-file rule typically will be made

25   include bad faith, anticipatory suit, and forum shopping.").[4]

26   _____

[4]      Indeed, Plaintiff in Harrison was also the first to file.  The court does note, however, that

27   by the time the court in Harrison ruled on Defendant's motion to dismiss, Plaintiff's operative
     complaint was the First Amended Complaint, technically filed after Defendant filed its complaint

28   in Pennsylvania.  This does not alter the analysis, however, as Plaintiff was still the first to file his

1    Here, the court finds that the mere fact that Plaintiff filed his complaint shortly before

2    Defendant does not require that it entertain Plaintiff's declaratory judgment action.  The court has

3    already found that the manner in which Plaintiff filed this action smacked of forum shopping.

4    The court also finds that Plaintiff filed an anticipatory suit: he filed the very day he resigned.

5    Indeed, it would have been impossible for Defendant to file first because they could not have

6    known that they were possibly aggrieved until the day Plaintiff resigned and filed his complaint.

7    Plaintiff presumably prepared his complaint in anticipation of resigning and filing this action in

8    order to use the "first-to-file" rule as a sword.  This is not the purpose of the "first-to-file" rule.

9    The court also finds unavailing Plaintiff's argument that <u>Brillhart</u> abstention is not

10   appropriate in the instant case because the Pennsylvania litigation is not pending in federal court

11   as opposed to state court.  The court has already listed numerous cases in which courts have

12   abstained under the Declaratory Judgment Act in favor of a parallel federal court proceeding.  <u>See</u>

13   <u>Supra</u> pp. 7:20–8:3.

14   The only question that remains is whether to dismiss the case or stay it. Where the court

15   finds there is duplicative litigation, "a district court is authorized, in the sound exercise of its

16   discretion, to stay or to dismiss an action seeking a declaratory judgment . . . ."  <u>Wilton v. Seven</u>

17   <u>Dalls Co.</u>, 515 U.S. 277, 288 (1995).  "Here, dismissal is warranted because the Pennsylvania

18   proceedings may afford more complete relief" since it will adjudicate not only whether the non-

19   competition agreement is enforceable, but also Defendant's claims for misappropriation of  trade

20   secrets and for breach of fiduciary duty.  <u>Harrison</u>, 2013 WL 1007662 at *4.  Moreover, "a

21   lingering stay in California federal court pending resolution of the Pennsylvania [litigation] is

22   inappropriate in light of the . . . Agreement's forum-selection clause."  <u>Id.</u>  As such, the court, in

23   its discretion, declines to stay the case in lieu of dismissal.

24   Accordingly, the court declines to exercise jurisdiction over Plaintiff's declaratory

25   judgment claim.[5]

26   _____

27   complaint. Indeed, Plaintiff in <u>Harrison</u> did the same thing Plaintiff did here: he filed his
     complaint the very same day he submitted his resignation.

28   [5]    The decision by the court to dismiss the action before it in no way precludes the
     Pennsylvania court from determining that a transfer of the case to this district is warranted under

1

**CONCLUSION**

2        Based on the foregoing, Defendant's motion to dismiss is hereby GRANTED.  The clerk

3  is directed to enter judgment and close the file.

4

5  Dated: October 18, 2013

6

7

8                                        _____
                                         Troy L. Nunley
9                                        United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  28 USC § 1404. That is a determination the Pennsylvania court will make independent of this
    decision.  Indeed, the court is aware that a motion under 28 USC § 1404 is currently pending in
28  the Pennsylvania Litigation.